THE STATE, EX REL. JOHNSON ET AL., *v.* BUTLER COUNTY BOARD OF EDUCATION ET AL.

(No. 1090—Decided July 11, 1957.)

Messrs. *Cors, Hair, Hartsock & Schneider* and Messrs. *Condo, Walsh & Stitsinger,* for relators.

Mr. *Robert L. Marrs,* prosecuting attorney, for respondents.

*Per Curiam.* This is an action seeking to invoke the original jurisdiction of this court to issue a writ of mandamus, commanding the respondents, the Board of Education of Butler County and its members, to declare "the creation of Morgan-Ross School District of Butler County, Ohio, to be completed and to appoint the members thereof pursuant to law."

An answer has been filed, and the cause now comes before the court on the relators' general demurrer to the answer. The question therefore is, whether taking the allegations of the answer to be true they state a defense, and, as a general demurrer searches the record, the question is also presented whether the petition states a cause of action.

From these pleadings, it appears that on May 16, 1957, the Butler County Board of Education passed a resolution of consolidation of two local school districts known respectively as Morgan District and Ross District. Notice of the passing of this resolution was duly published. On June 17, 1957, a remonstrance was filed, and, on the same day, a counter-remonstrance was filed, whereby certain of the remonstrators withdrew from the remonstrance. At the time this action was filed, the respondent board of education was engaged in examining the remonstrance and counter-remonstrance and the qualification of the signers to determine whether a majority of the qualified electors of the district were remonstrating, but the board had made no decision.

The relators contend that the board of education must disregard the remonstrance, because it was not filed within 30 days of the passage of the resolution to consolidate, as required by Section 3311.26, Revised Code.

The respondents allege and contend that the remonstrance was filed within 30 days, in accordance with a proper calculation of time, and, further, that by common consent and agreement, June 17, 1957, was fixed as the last day for filing a remonstrance, and a motion to that effect was passed.

In the absence of an overruling majority sentiment ex-

pressed in the form of a valid remonstrance, the creation, consolidation, and division of school districts are confided by statute to boards of education as a part of the executive or administrative branch of the government. It is not judicial in any sense. The judicial branch of the government cannot create or destroy a school district. It only touches the matter to see that the law is followed. The writ of mandamus is one of the remedies provided for that purpose, and this court is given jurisdiction to issue such a writ against a board of education in a proper case.

But mandamus will issue only to compel the performance of a duty specially enjoined by law. It will never issue to compel the exercise of discretion in a certain way.

Now the effective consolidation of school districts requires the performance of many acts extending over an extensive period of time, but no time schedule is imposed by statute for the performance of these acts. And whether the board had the power to proceed at all would depend upon its finding in the exercise of its sound discretion whether a remonstrance in sufficient numbers had been filed within time. If its finding should be that such a remonstrance had been filed, its power to proceed would be terminated, and the resolution of consolidation would become a nullity, subject only to correction for fraud or mistake of law.

But if the remonstrance should be found by the board to be defective for any valid reason, the power and discretion of the board would continue, as though no remonstrance had ever been attempted. The board would still be required to take account of existing facts and exercise its sound discretion in the presence of the developing situation.

We are of the opinion that for this court to issue a writ of mandamus in this case would in effect be substituting its decision and its discretion for that of the board which is charged by the law with those duties, and would be a judicial usurpation. The fact that the board has taken one or more steps toward consolidation does not commit it to a nondiscretionary duty to complete the consolidation. It can retrace its steps or it can postpone, as its sound discretion dictates.

The case of *State, ex rel. Owen*, v. *Carroll County Board of Education*, 129 Ohio St., 262, 194 N. E., 867, is dispositive of the

case at bar. In that case a resolution of consolidation had been adopted and an ineffective remonstrance had been filed against it. The action was for a writ of mandamus to compel the board of education to complete the consolidation by appointing a board of education for the new district described in the resolution of consolidation. In denying the writ, the Supreme Court said at page 267:

"However, it must be observed that the creation of a new school district is an administrative matter addressed to the sound discretion of the board of education. The statute employs the word 'may' and contains no language indicating an intention by the Legislature to so demarcate the powers of a board of education as to prevent a *bona fide* reconsideration and rescission of such action within a reasonable time and before further procedure in perfecting the new plan of operation. In the instant case neither the pleadings nor the agreed statement of facts disclose that anything whatsoever had been accomplished except the adoption of the original resolution of October 8, 1934. There had been no 'equitable division of the funds or indebtedness' as the statute provides; however, it is of course true that none was necessary since the creation of the new district involved no division of an existing district but merely the merger of two entire ones. Nevertheless, with reference to the many remaining administrative matters necessarily incident to such a project, nothing had been done. Necessarily considering this question as one merely of power and not of policy, this court is of the opinion that under the circumstances of this case a board of education is not precluded from a reconsideration and rescission of its original action, as was done on January 8, 1935."

This court followed this case in *Smith* v. *Board of Education*, 97 Ohio App., 507, 127 N. E. (2d), 623.

For these reasons, the court finds that the power and the duty of determining whether these two districts shall be consolidated rests with the respondents; that this duty is of continuing nature, requiring the exercise of the sound discretion of the members of the board; that there is no nondiscretionary duty specially enjoined by law to act in a particular way; and that, therefore, the court has no jurisdiction to control the action or inaction of the board.

These facts appearing from the uncontroverted allegations of the pleadings, the court finds for the respondents.

*Writ denied.*

HILDEBRANT, P. J., MATTHEWS and LONG, JJ., concur.